IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00041-MR

| | |
|---|---|
| DARRIN M. SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ERIK A. HOOKS, Secretary of | |
| Department of Public Safety,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1].

**I.   BACKGROUND**

Darrin M. Sanders ("the Petitioner") is a prisoner of the State of North Carolina. On August 6, 2007, the Petitioner pled guilty in Gaston County Superior Court to one count of second-degree murder and one count of

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates, and he has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Erik A. Hooks, the current Secretary of Public Safety, is the proper respondent in this action.

attempted robbery with a dangerous weapon. [Doc. 1 at 1]. The Petitioner was sentenced on August 6, 2007 did not file an appeal. Id.

On June 14, 2009, the Petitioner filed a Motion for Appropriate Relief ("MAR") in Gaston County Superior Court. Id.; see also Sanders v. Herron, No. 3:09-cv-00479-MU-02, 2009 WL 3839354, at *1 (W.D.N.C. Nov. 12, 2009) (Mullen, J.) (summarizing the Petitioner's post-conviction litigation history). The Petitioner's MAR was denied. Id. The Petitioner then filed a Petition for Writ of Certiorari in the North Carolina Court of Appeals, which was denied on August 26, 2009. Id.

On November 5, 2009, the Petitioner filed a habeas petition under § 2254 in this Court. Id. The Court concluded that the statute of limitations had expired for bringing a habeas petition under § 2254 and dismissed the habeas petition. Id.

On January 21, 2020, the Petitioner filed the present habeas petition in this Court. [Doc. 1].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. If a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, the prisoner generally may

not file another habeas petition challenging the same state criminal judgment unless he has obtained permission to do so from the appropriate federal court of appeals. See 28 U.S.C. § 2244(b)(3)(A); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

As noted above, the Petitioner previously filed a § 2254 petition challenging his convictions, which this Court dismissed as untimely. Sanders, 2009 WL 3839354, at *4. A dismissal of a habeas petition as time-barred is a decision on the merits, and any subsequent habeas petition challenging the same conviction or sentence is second or successive for purposes of § 2244(b). See In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519-20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).") (internal quotation marks

omitted). Accordingly, the Petitioner's habeas petition is an unauthorized successive petition under § 2244(b).[2]

The Petitioner has not demonstrated that he has received authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive habeas petition challenging his convictions. See 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court lacks jurisdiction to consider the merits of the instant habeas petition, and it must be dismissed. See Burton, 549 U.S. at 153.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[2] The Court further notes that the instant habeas petition appears to be time-barred under § 2241(1)(a). See Sanders, 2009 WL 3839354, at *4 (dismissing the Petitioner's November 5, 2009 habeas petition on the grounds that the AEDPA's statute of limitations had expired).

# **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as an unauthorized, successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge